IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TWH LIMITED PARTNERSHIP, | § | CASE NO. 17-50273-CAG |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**EXPECTED APPLICATION TO APPROVE SALE OF REAL
PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS
(RE: the "Commercial Property")**

**TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:**

Now comes TWH Limited Partnership, Debtor herein, by and through its counsel of record, who files this Application to Approve Sale of Real Property Free and Clear of Liens, Encumbrances and Interests (Re: the "Commercial Property"), and would show the Court the following:

1. This Motion is filed pursuant to 11 U.S.C. §363(b) & (f).

**BACKGROUND**

2. On February 5, 2017, TWH Limited Partnership (hereinafter referred to as the "Debtor" or "TWH") filed a Voluntary Petition for Relief under Chapter 11 of Title 11, United States Code. Debtor continues in possession of its property and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. TWH is a Limited Partnership organized under the laws of the State of Texas. TWH's general partner is Howard Hu, Inc. The Debtor holds certain real property, generally described as follows:

A. Real property and improvements previously used for commercial purposes which is located at 25807 IH 45, Spring, Texas 77380; and

1

B. Residential real property and improvements located at 25810 Oak Ridge Dr., Spring, Texas 77380. The residential property is located directly behind the commercial property on a contiguous lot.

4. This is a single asset real estate bankruptcy as defined by 11 U.S.C. §101(51B). However, TWH is current on its payments owed to the secured lender holding a mortgage against the real property, is current with the payment of ad valorem taxes assessed against the real property and also maintains the required insurances for the properties.

5. The persons who own and control TWH and Howard Hu, Inc. live in and manage the real property from San Antonio, Texas. In December 2013, Howard Hu, Inc. acting as general partner of TWH, leased under a written commercial lease agreement the real property to certain entities known as 25807 TWH Ltd. and 25807 TWH GP, LLC (sometimes referred to below as "Tenants" or "25807 Entities"). Tenants are not related in any way to the Debtor (notwithstanding the names Tenants chose for their entities), and are owned and/or managed by individuals in the Houston area. TWH and Howard Hu, Inc. are collectively sometimes referred to below as "Landlord." The written lease agreement between the parties contained a provision for the Tenants to purchase restaurant equipment in the premises and an option provision for the Tenants to purchase the real property and improvements from Landlord under certain conditions if Tenants were not in default under the lease and exercised the option. Tenants were represented by able counsel in the drafting, negotiation, and execution of the Lease. Tenants never exercised the purchase option, and defaulted under the lease by failing to pay rent when due.

6. Landlord (the Debtor) terminated the lease and evicted Tenants—i.e., Landlord commenced an action in JP Court to evict them. Landlord prevailed; the JP Court ordered the eviction of Tenants. Tenants appealed, and had a trial *de novo* with an evidentiary record in the

County Court at Law in Montgomery County. Tenants lost again. The County Court at Law signed a judgment ordering that Landlord is entitled to possession, and signed a writ of possession in favor of Landlord. Tenants appealed again, to the Ninth Court of Appeals in Beaumont, Texas, where they lost again.

7. After Tenants lost in the County Court at Law, they filed a lawsuit against the Debtor (the Landlord) on April 26, 2016, in the 284th Judicial District Court of Montgomery County, Texas, which was styled *25807 TWH LTD and 25807 TWH GP, LLC vs. THW Limited Partnership*, and assigned Cause No. 16-04-04940 (hereinafter referred to as the "Lawsuit"). In the Lawsuit, Tenants claimed that, despite the plain and unambiguous words of the written lease, they allegedly purchased and now own the leased premises even though they never paid for the premises. Tenants assert in the Lawsuit claims for trespass to try title, quieting title, fraud, fraudulent inducement, breach of contract, breach of fiduciary duty, conversion, specific performance, and constructive trust. The action is currently stayed by the automatic stay in effect in this case.

8. On March 7, 2017, TWH and Howard Hu, Inc. timely filed a Notice of Removal of the Lawsuit to the United States District Court for the Southern District of Texas and a motion to transfer the lawsuit to this Court as the matters pending therein are core matters in this bankruptcy case.

9. Debtor obtained buyers for both properties and filed an Application to Approve Sale of Real Property Free and Clear of Liens, Encumbrances and Interests (Doc. 23). On May 17, June 6, July 25-26, and August 8, 2017, the Court conducted extensive hearings on the Debtor's Application to sell the above properties, along with several other related motions filed by the parties. Between the May and July hearing dates, the proposed buyer of the Commercial

Property decided not to extend the closing date. However, the proposed buyers for the Residential Property did agree to extend closing date under their contract.

10. On August 28, 2017, the Court gave extensive rulings on all parties' motions which were heard by the Court.

11. On August 31, 2017, the Court entered an Order Approving Sale of Real Property Free and Clear of Liens, Encumbrances and Interests, thereby approving the proposed sale of the Residential Property. (Doc. 78).

12. The Debtor's Court-approved broker, David Salazar, has continued to actively market the Commercial Property since the Debtor lost its previous buyer. Mr. Salazar has now found a very motivated buyer for the Commercial Property who is willing to pay $2,000,000.00 cash for the property. The parties have executed a sales contract and the proposed buyer has deposited $20,000.00 in earnest money with the title company.

13. The proposed sale is in the best interest of TWH's bankruptcy estate, and constitutes an exercise of reasonable, proper and sound business judgment. There is an immediate necessity for the sale to be closed. As noted previously, the Commercial Property is unoccupied, in deteriorating condition, and has remained vacant since the December, 2013, lease transaction with the Tenants. The Commercial Property has fallen into a state of great disrepair and has previously sustained damage which was related to a roof leak. Further, the Debtor is having to pay more than $130,000.00 per year in debt service, property taxes, insurance and maintenance for the property which could not be sold or rented due to the Tenants unfounded litigation.

14. Because the sales contract calls for a cash purchase, the buyer wants to close as soon as possible. The contract calls only for a 10 days feasibility period, with a closing to occur

within 5 days thereafter, assuming the Court authorizes the Debtor to complete the sale. The buyer has indicated that time is of the essence and the Debtor does not want to risk losing another sale.

## THE PROPERTY

15.  The property owned by the Debtor which is the subject of this Application is as follows:

> Real property and improvements located at 25807 IH 45, Spring, Texas 77380, and which is legally described in the detailed metes and bounds description attached hereto as Exhibit "A", and incorporated herein by reference. (hereinafter referred to as "the Property").

16.  The Property was acquired in a conveyance to the Debtor in March of 2001.[1] The Debtor paid more than $2 million for the Property and the adjoining residential property which the Court previously authorized the Debtor to sell. After the lease transaction with Tenants, the properties have remained vacant since December, 2013. Both properties have fallen into a state of disrepair. TWH has listed the properties for sale previously and, in fact, found multiple buyers for such properties. However, Tenants have taken actions to deter potential buyers including the filing of a lis pendens in the Montgomery County deed records and communications with buyers' brokers indicating that the properties would be tied up in litigation for a lengthy period of time. Although Tenants claim to be the owners of the properties, they are neither insuring the properties nor paying the ad valorem property taxes assessed against the properties.

17.  The Property was listed in the Debtor's Schedules with a value of $2,138,983.00. This valuation was based upon offers the Debtor's broker had received at the time the Schedules were filed. The Montgomery County Appraisal District values the Property at $2,119,500.00;

---

[1] A smaller parcel which is only 3913 sq. ft. and is included as part of the Property was acquired in March, 2002.

however, this valuation does not take into account the deteriorating condition of the Property. The Debtor previously had the Property under contract in May, 2017, with a sales price of $2,250,000.00; however, that sale fell through as noted above.

## THE PROPOSED SALE

18. The Property has been marketed for many months but could not be sold for the reasons outlined above. After the loss of the prior buyer, Debtor's broker actively marketed the Property and has now secured a contract which is favorable to the Debtor's bankruptcy estate. The buyer has offered $2,000,000.00 for the Property and paid $20,000.00 in earnest money which has been deposited with the title company selected to close the potential sale. A true and correct copy of the Earnest Money Contract which forms the basis of the proposed sale is attached hereto as Exhibit "B".

19. The proposed buyer is not related in any way to the Debtor, its General Partner, or any of the owners of the Debtor. Upon information and belief, the proposed buyer operates and intends to operate some type of medical facility or an office related thereto in connection with the Property. The check for the earnest money is drawn on a bank account for an entity known as "Woodlands Specialty Hospital, PLLC". Neither the Debtor, its General Partner, nor any of the owners of the Debtor have any connection with this entity. The sale contemplated herein is an arms-length transaction, negotiated through the parties' brokers in good faith, and neither the Debtor nor its principals would retain any interest in the Property after the closing of the sale other than an interest in the sales proceeds.

20. In light of the valuation of the Property, its condition, the applicable real estate market and other offers, the Debtor, its General Partner, and its broker believe that the offer is well within the reasonable range of the price that could be obtained for the Property and, in fact,

is likely the best that can be obtained under the circumstances. TWH's owners and General Partner, in consultation with their broker and counsel, believe the sale contemplated herein is an exercise of reasonable, proper and sound business judgment. The sale proposed in this Application will ensure that the Debtor can successfully reorganize its debts and pay its creditors in full.

21. TWH requests that the Court provide in any order approving the sale that, because the buyer under the sales contract has acted in good faith, pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of any order authorizing the sale on appeal will not affect the validity of the transfer of the Property to the respective purchaser (or assignees, if any) or any other transactions contemplated by the sales contracts and/or authorized by the order, unless the same is stayed pending appeal prior to closing under the sales contracts.

22. TWH would further show the Court that there is no just reason for delay in the implementation of any sale order and requests that the Court expressly direct entry of one or more orders approving the sale contemplated herein and providing that stay of Federal Rules of Bankruptcy Procedure Rules 6004(g) and 6006(d) be waived, modified and not applicable to the sale of the Property. Further, TWH requests that the Court authorize it and its General Partner, Howard Hu, Inc. to take all actions and enter into all transactions authorized by the Court's Order immediately.

**LIENS AND ENCUMBRANCES AGAINST
AND DISPUTED "INTERESTS" IN THE PROPERTY**

23. The following liens exist against the Property:

A. Montgomery County Tax Assessor-Collector – This entity collects all ad valorem property taxes assessed against the Property. These taxes are current at the present time, as the Debtor paid them in full (more than $53,000) and in a timely manner on January 31, 2017.

Therefore, the only taxes that may be due this entity would be pro-rated 2017 ad valorem taxes due at closing. TWH proposes that all taxes due and owing to this entity and assessed against the Property at the time of closing be paid directly by the title company closing the sale.

  B. Commerce National Bank ("CNB") is the Debtor-in-possession's secured lender. CNB holds a perfected first lien Deed of Trust against the Property, securing a note in the amount of $743,000.00. TWH estimates that the balance due on this note was $634,996.35 as of the petition date. The Debtor was current of the monthly mortgage payments to CNB pre-petition, because of loans or contributions to the Debtor by its owners or by an entity owned by TWH's owners. TWH intends to keep the CNB loan current post-petition until the commercial property sells; however, this imposes a hardship on the Debtor as it has no income and can only make the payments by borrowing from its owners. Debtor proposes that all sums due and owing to CNB be paid directly by the title company closing the sale of the Property, including attorney's fees and expenses which have been incurred by CNB in connection with this case.

  C. As noted above, 25807 TWH LTD and 25807 TWH GP, LLC (the former Tenant of the properties and its General Partner) have taken the position that they are the "owners" of the Property. Tenants did not pay for the Property and are not in the chain of title, nor have Tenants ever been a party to a deed or conveyance of the Property. Instead, Tenants breached the lease and have sued TWH (their former landlord) claiming the lease was really a purchase. The claim lacks merit and is brought in an effort to tie up the Property and cause the Debtor to incur hundreds of thousands of dollars in unnecessary costs in an effort to "motivate" the Debtor to settle. Tenants have no interest in the Property, and the sale should therefore go forward pursuant to 11 U.S.C. §363(b). In the alternative, because Tenants actually claim an "interest"

in the Property, the Court can and should authorize the sale of the Property free and clear of such purported interest under 11 U.S.C. §363(f), as such interest is in bona fide dispute.

## PROPOSED DISTRIBUTION OF PROCEEDS

24. It is not clear at the present time what the exact amount of proceeds would be from the proposed sale, however a general estimate would be in excess of $1.2 million. Debtor believes that the proceeds will be sufficient to pay all creditors holding allowed claims in this case in full. Both the TWH Entities and another entity believed to be controlled by the TWH Entities' principals have filed significantly large claims in this case. The Debtor disputes such claims in full and will be filing an objection to both claims. TWH therefore requests that the Court direct all of the remaining proceeds be paid by the title company closing the sales into the registry of Court, where the funds would be held pending further order of the Court.

## RELIEF REQUESTED

25. Pursuant to 11 U.S.C. §363(b), the Debtor is authorized to sell property of the estate, other than in the ordinary course of business, after notice and hearing. Pursuant to 11 U.S.C. §363(f), the Debtor may sell property "free and clear of any interest in such property of an entity other than the estate" if, among other provisions, "such interest is in bona fide dispute".

26. Under the facts stated herein, the purported "interest" of the Tenants is clearly in bona fide dispute. In fact, Tenants' claims in the Lawsuit include seeking a finding that Tenants are the owners of the Property. Debtor therefore requests that the Court approve the sale specified in the Contract attached hereto as Exhibits "B", and that such sale be free and clear of any liens, encumbrances and interests, with the provision that any liens would attach to the sales proceeds in the order of priority. TWH further requests that the Court provide in any order

9

entered in connection herewith a provision allowing the Debtor-in-possession to convey title to the property by and through its General Partner, Howard Hu, Inc.

WHEREFORE, PREMISES CONSIDERED, the TWH prays that the Court enter an order permitting the Debtor to sell the above-referenced Property and authorizing the Debtor to convey title to the Property free and clear of any liens, encumbrances and interests as provided herein, and for such other and further relief to which the Debtor may be justly entitled.

Respectfully submitted,

LAW OFFICE H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
(210) 522-9500
(210) 522-0205 (Fax)

By:_ /s/ H. Anthony Hervol_____
    H. Anthony Hervol
    State Bar No. 00784264
    Attorney for Debtor-in-possession

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Application has been served upon the parties listed below by the methods indicated hereunder, and to the parties on the attached mailing list (unless such parties are also listed on this Certificate), by United States Mail, First Class Delivery, postage prepaid, on this _28th_ day of September, 2017.

**DEBTOR:**
TWH Limited Partnership
10 Inwood Point
San Antonio, Texas 78248
*Via Electronic Mail, with consent*

Howard Hu, Inc.
10 Inwood Point
San Antonio, TX 78204
*Via Electronic Mail, with consent*

**LIENHOLDERS OR OTHER INTERESTED PARTIES:**
John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253
*Via First Class Mail, postage prepaid*
*Attorney for the Montgomery County Tax Assessor-Collector*

Montgomery County Tax Assessor-Collector
400 N. San Jacinto St.
Conroe, TX 77301
*Via First Class Mail, postage prepaid*

Lisa C. Fancher
Fritz, Byrne, Head & Gilstrap, PLLC
221 West Sixth Street, Suite 960
Austin, TX   78701
*Attorney for Commerce National Bank*
*Via the Court's ECF Filing System*

25807 TWH LTD and 25807 TWH GP, LLC
P.O. Box 27460
Houston, TX 77227
*Via First Class Mail, postage prepaid*
*(sent to the address for the entities shown on*
*recently filed Proof of Claim)*

25807 TWH LTD and 25807 TWH GP, LLC
1314 Texas Ave., Suite 300
Houston, TX 77002
*Via First Class Mail, postage prepaid*

**UNITED STATES TRUSTEE:**
Post Office Box 1539
San Antonio, Texas 78295-1539
*Via the Court's ECF Filing System*

                                                _/s/ H. Anthony Hervol_____
                                                H. Anthony Hervol

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 17-50273-cag<br>Western District of Texas<br>San Antonio<br>Thu Sep 28 10:38:46 CDT 2017 | TWH Limited Partnership<br>10 Inwood Point<br>San Antonio, TX 78248-1646 | |
| 25807 TWH LTD and 25807 TWH GP, LLC<br>1314 Texas Ave., Suite 300<br>Houston, TX 77002-3518 | 25807 TWH LTD. AND 25807 GP. LLC<br>p.o. box 27460<br>Houston, TX 77227-7460 | Anne E. Kennedy<br>The Law Office of Anne E. Kennedy<br>539 Heights Blvd<br>Houston, TX 77007-2521 |
| Bingham & Lea PC<br>319 Maverick St<br>San Antonio TX 78212-4637 | Bingham & Lea, P.C.<br>319 Maverick Street<br>San Antonio, Texas 78212-4637 | Commerce National Bank<br>5300 Bee Cave Road, Building 2<br>Austin, TX 78746-5234 |
| Commerce National Bank,<br>a branch of Lubbock National Bank<br>c/o: Lisa C. Fancher<br>Fritz, Byrne, Head & Gilstrap, PLLC<br>221 W. 6th Street, Suite 960<br>Austin, TX 78701-3444 | David Salazar<br>3618 Fossil Creek<br>San Antonio TX 78261-3001 | EL TIEMPO CANTINA-WDLS, LTD<br>p.o. box 27460<br>Houston, TX 77227-7460 |
| Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 | John P Dillman<br>Linebarger Goggan Blair & Sampson<br>PO Box 3064<br>Houston TX 77253-3064 | Montgomery Co Tax Assessor-Collector<br>400 N San Jacinto St<br>Conroe TX 77301-2823 |
| Montgomery County<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Sushihana Investment LP<br>1810 NW Military Hwy<br>San Antonio, TX 78213-2422 | Sushihana Investments, LP<br>1810 NW Military Hwy<br>San Antonio, TX 78213-2422 |
| United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 | William Rainey<br>11003 River Run<br>San Antonio, TX 78230-2523 |